IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MARTIN LAWRENCE MARTINEZ,

      Plaintiff,

v.                                                                                Civ. No. 21-416 SCY

MARTIN O'MALLEY,
Commissioner of Social Security,

      Defendant.

## ORDER GRANTING IN PART MOTION FOR ATTORNEY FEES

**THIS MATTER** comes before the Court on Plaintiff's Motion For Attorney Fees Pursuant To 42 U.S.C. § 406(b)(1)(A), With Supporting Memorandum, Doc. 37. Plaintiff's counsel requests a fee award of $30,000. The Commissioner indicates she is not a party to § 406(b) fee awards and "neither supports nor opposes" the request. Doc. 38 at 1; *see Gisbrecht v. Barnhart*, 535 U.S. 789, 798 n.6 (2002) (the Commissioner "has no direct financial stake in the answer to the § 406(b) question; instead, she plays a part in the fee determination resembling that of a trustee for the claimants"). Having considered the Motion and the relevant law, the Court grants Plaintiff's Motion.

## BACKGROUND

Plaintiff's application for benefits came to this Court twice, both times resulting in remand to the agency for rehearing. Doc. 37 at 3. Counsel requested and was awarded EAJA fees for both cases. *Id.* at 5. On remand the final time, the agency granted Plaintiff's application and awarded Plaintiff past-due benefits totaling $190,371.92. *Id.* at 3. On February 14, 2024, the agency notified Plaintiff it would withhold $47,592.98 from past-due benefits for attorney's fees. Doc. 37-2 at 5.

Plaintiff's attorneys, MacDowell Law, P.C., now seek an amount of $30,000.00 in attorneys' fees pursuant to 42 U.S.C. § 406(b)(1), and argue that this is well within the 25% of past-due benefits statutorily authorized for attorneys' fees for representation in court proceedings, represents a fair fee, and is justified by the time expended on this case, the result achieved, and the skill of the attorneys. Doc. 37.

## **LEGAL STANDARD**

Attorneys' fees may be deducted from a successful social security claimant's award of past-due benefits. Separate subsections of 42 U.S.C. § 406 authorize fee awards for representation before the Agency and in court, allowing attorneys to receive fees for their work in both settings. *See* 42 U.S.C. § 406(a), (b).

For representation in court proceedings, a court may award fees under § 406(b) when, as in this case, "the court remands a . . . case for further proceedings and the Commissioner ultimately determines that the claimant is entitled to an award of past-due benefits." *McGraw v. Barnhart*, 450 F.3d 493, 496 (10th Cir. 2006). The statute limits a fee award for representation before a court to 25% of the claimant's past-due benefits. 42 U.S.C. § 406(b)(1)(A). If fees are awarded under both EAJA and § 406(b), the attorney must refund the lesser award to the claimant. *McGraw*, 450 F.3d at 497 n.2 (10th Cir. 2006). If the available agency withholding is less than the amount awarded to counsel under § 406(b), counsel must look to the claimant rather than the agency to recover the difference. See *Wrenn ex rel. Wrenn v. Astrue*, 525 F.3d 931, 933 (10th Cir. 2008).

Although § 406(b) permits contingency fee agreements, it requires the reviewing court to act as "an independent check" to ensure that fees awarded pursuant to such agreements are reasonable. *Gisbrecht*, 535 U.S. at 807. Fee agreements are unenforceable to the extent that they

2

provide for fees exceeding 25% of past-due benefits, but fees may be unreasonable even if they fall below this number. *Id*. at 807 n.17. In acting as an "an independent check" to ensure that fees are reasonable, there is no presumption that 25% of the past-due benefits is reasonable. *Id.* at 807 n.17.

Counsel bears the burden of demonstrating the reasonableness of the fees. *Id*. at 807. The reasonableness determination is "based on the character of the representation and the results the representative achieved." *Id*. at 808. Factors relevant to the reasonableness of the fee request include: (1) the character of the representation and the results the representative achieved; (2) whether the attorney was responsible for any delay; and (3) whether the contingency fee is disproportionately large in comparison to the amount of time spent on the case. *Id.* "If the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is similarly in order. In this regard, the court may require the claimant's attorney to submit, not as a basis for satellite litigation, but as an aid to the court's assessment of the reasonableness of the fee yielded by the fee agreement, a record of the hours spent representing the claimant and a statement of the lawyer's normal hourly billing charge for noncontingent-fee cases." *Id.*

The statute does not contain a time limit for fee requests. However, the Tenth Circuit has held that a request "should be filed within a reasonable time of the Commissioner's decision awarding benefits." *McGraw*, 450 F.3d at 505.

### **REASONBLENESS DETERMINATION**

The fee request is reasonable. First, the motion is timely. I have opined that to be timely, § 406(b) awards should be filed within one month of the Notice of Award. *Montgomery v. Saul*, No. 17cv526 SCY, 2020 WL 6342782, at *2 n.4 (D.N.M. Oct. 29, 2020). Here, the motion was

filed three and a half months after the Notice of Award (February 14, 2024 to June 4, 2024). However, counsel explains that the agency did not send her the Notice of Award. Doc. 37 at 4. Neither the client nor the agency representative sent counsel the Notice of Award nor informed counsel that the application for benefits had been successful on remand. In late May, the administration sent counsel a letter that notified her of the award but did not enclose a copy of the Notice of Award. Doc. 37-5 at 2. Counsel's attempts to contact the client and the former agency representative were unsuccessful. Doc. 37 at 5. Counsel emailed the NM Social Security Attorneys Association listserve and began emailing offices that were likely to have taken the case. On June 3, staff at Ms. Baslee's office responded with a copy of the Notice of Award. *Id.* This motion was filed the next day. Therefore, although the delay of three and a half months is lengthy, I cannot hold it against counsel. I find that counsel was diligent in attempting to obtain a Notice of Award in order to file the present fee request. Additionally, there is no evidence that counsel delayed in the proceedings before this Court.

Counsel's representation was more than adequate and yielded a fully favorable decision from the agency. The fee request is not disproportionately large in comparison to the amount of time spent on the case. Counsel represents she spent 32.95 hours on the first appeal and 40.75 hours on the instant case, for a total of 73.70 hours. Doc. 37 at 4. This equates to an hourly rate of $407.06 if the request for $30,000 is granted. This rate is higher than the Court would normally award for hourly work. However, the Court is appreciative of the high risk involved in Social Security litigation for plaintiffs' counsel in general, recognizes that the field is highly specialized, and finds that the number of hours spent on this case is due to the efficiency, skill, and experience of Plaintiff's attorney. The Court also notes that this award is in line with others authorized in this District under § 406(b). *See Bennett v. Kijakazi*, No. 21cv939 SCY, 2023 WL

7114595, at *2 (D.N.M. Oct. 27, 2023).

**IT IS THEREFORE ORDERED** that Plaintiff's Motion is GRANTED. The Court hereby authorizes $30,000 in attorney fees for legal services rendered in the United States District Court, payable to MacDOWELL LAW, P.C., to be paid from the claimant's past-due benefits. Counsel must refund to Plaintiff any EAJA fees that were not previously garnished under the Treasury Offset Program.

_____
**STEVEN C. YARBROUGH
United States Magistrate Judge
Presiding by consent**